**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

RODERICK DEMEATRICE OAKS, #1395197,

        Petitioner,

v.                          ACTION NO. 2:13cv674

HAROLD CLARK,
Director,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends dismissing the petition for writ of habeas corpus as barred by the statute of limitations.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Roderick Demeatrice Oaks ("Oaks") is confined pursuant to a judgment entered September 13, 2010 following a conviction in the Circuit Court for the City of Williamsburg and the County of James City for robbery. *Commonwealth v. Oaks*, No. 19132-00 (Va. Cir. Sept. 13, 2010). Oaks was sentenced to serve ten years in the Virginia penal system. Oaks's direct appeal of his convictions to the Virginia Court of Appeals was denied on August 9, 2011. *Oaks v. Commonwealth*, No. 0012-11-1 (Va. Ct. App. Aug. 11, 2011). The Supreme Court of Virginia

refused Oaks's appeal on January 17, 2012. *Oaks v. Commonwealth*, No. 111631 (Va. Jan. 17, 2012).

Oaks filed a petition for writ of habeas corpus in the Circuit Court for the City of Williamsburg and County of James City on January 3, 2013, which was dismissed on March 27, 2013. *Oaks v. Commonwealth*, No. CL13-00004-00 (Va. Cir. Mar. 27, 2013). The Supreme Court of Virginia refused Oaks's appeal of the dismissal on August 21, 2013. *Oaks v. Commonwealth*, No. 131041 (Va. Aug. 21, 2013).

Oaks, proceeding *pro se*, executed the instant federal habeas petition seeking relief under 28 U.S.C. § 2254 on October 10, 2013, which he filed in this court on November 26, 2013. ECF No. 1. In the petition, Oaks alleges the following entitle him to relief:

- (I) police misconduct, because the lead detective only asked him about a bank robbery in Williamsburg, not in Williamsburg and James City County, as the lead detective testified;

- (II) he was denied effective assistance of counsel due to counsel's failure to call witnesses and the fact that counsel was distracted at trial due to illness; and

- (III) he was denied effective assistance of counsel due to counsel's failure to subpoena two potentially exculpatory witnesses.

Pet. 5-8; ECF No. 1.

Respondent's Rule 5 Answer, and Motion to Dismiss the petition were filed January 3, 2014. ECF Nos. 4 & 5. Oaks responded to the Motion to Dismiss on January 23, 2014. ECF No. 8. This matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Oaks's petition is barred by the federal habeas statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d):

2

>  (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  . . .
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012). The statute provides that Oaks must file his federal habeas claim within one year following the conclusion of direct review, or expiration of the time allowed for seeking direct review. However, if Oaks properly filed a petition for state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (emphasis in original). Filing a state petition does not restart the federal limitations period.

The Supreme Court of Virginia refused Oaks's direct appeal on January 17, 2012. Oaks's conviction became final ninety days later on April 16, 2012, at the expiration of his time to file a petition of certiorari with the United States Supreme Court. 28 U.S.C. §2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that a notice of appeal must be filed within 90 days after entry of final judgment). *See also Harris*, 209 F.3d at 328 n.1 (holding judgment became final when 90-day period for filing a petition for certiorari with the United States Supreme Court expired). Consequently, Oaks's one-year federal limitations period began running on April 16, 2012. 28 U.S.C. § 2244(d)(1).

The limitations period was tolled after 214 days on November 16, 2012, when Oaks

executed the state habeas petition he then timely filed in the Circuit Court for the City of Williamsburg and County of James City on January 2, 2013. The state petition was dismissed on March 27, 2013, and Oaks appealed the decision to the Supreme Court of Virginia. The Supreme Court of Virginia refused Oaks's petition for appeal because "the appeal was not perfected in the manner provided by law because appellant failed to timely file the petition for appeal . . . ." *Oaks v. Clarke*, Record No. 131041 (Va. Aug. 21, 2013). Because the appeal to the Supreme Court of Virginia was not "properly filed," the statute of limitations did not remain tolled while the petition was pending in front of the Virginia Supreme Court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).")(quotation marks and brackets omitted); *see also Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001) ("We hold that the statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely appellate petition."). Accordingly, Oaks's statute of limitations began running again on March 27, 2013, the day the Circuit Court dismissed Oaks's petition.

The time for Oaks to file a federal habeas petition expired on August 26, 2013.[1] Oaks's federal petition was not executed until October 10, 2013. Therefore, Oaks's federal habeas petition is time-barred, and thus the merits of the petition cannot be addressed by this Court.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends Respondent's Motion to Dismiss (ECF No. 4) be GRANTED, and the petition for writ of habeas corpus (ECF No. 1) be DENIED and DISMISSED as barred by the federal statute of limitations.

---

[1] Oaks's 365 days, calculated with time tolled for his properly filed Circuit Court petition, expired on August 25, 2013. However, August 25, 2013 fell on a Sunday, so Oaks's deadline would fall on the next business day, Monday, August 26, 2013.

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 2, 2014

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Roderick Demeatrice Oaks, #1395197
Green Rock Correctional Center
475 Green Rock Lane
Chatham, VA 24531

Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

June 3, 2014